[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

No. 11-14157
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00545-JSM-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNY ALBERTO CALZADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 2, 2012)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Johny Alberto Calzada appeals his sentence of 292 months of imprisonment for conspiring to possess with intent to distribute 5 kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, 46 U.S.C. §§ 70503(a), 70506; 21 U.S.C. § 960(b)(1)(B)(ii), and possessing with intent to distribute 5 kilograms or more of cocaine while onboard that vessel, id.; 46 U.S.C. §§ 70503(a)(1), 70506(a); 18 U.S.C. § 2. Calzada challenges the denial of his request for a downward departure, United States Sentencing Guidelines Manual § 5H1.4 (Nov. 2010), and the reasonableness of his sentence. We affirm.

We lack jurisdiction to review the denial of Calzada's request for a downward departure. We cannot examine a discretionary decision not to depart downward "unless the district court incorrectly believed that it lacked authority to grant the departure," and the record establishes that the district court "understood that it could depart, but chose not to do so." United States v. Dudley, 463 F.3d 1221, 1228 (11th Cir. 2006). The district court considered Calzada's age and physical ailments and determined, because he could "be adequately cared for in the detention system," that a downward departure was unwarranted. The record does not establish that the district court failed to understand its authority to depart.

The district court did not abuse its discretion by sentencing Calzada to a term of imprisonment at the low end of the advisory guideline range. Calzada, the

2

captain of a Panamanian fishing vessel, attempted to smuggle into the United States 640 kilograms of cocaine that had been concealed in the fish hold of his ship. Calzada testified incredibly at trial that he did not know about the drugs until a member of his crew used a satellite telephone to make arrangements to transfer the drugs and blamed his "mistaken decision" to go to trial on the fact that he "perhaps . . . did not understand well what was being translated . . . ." Calzada complains about the lesser sentence received by Apolinar De La Cruz Yesquen, who served on the ship's crew and pleaded guilty to the same crimes, but Calzada is not similarly situated to De La Cruz. See United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009). Calzada's sentence is reasonable.

We **AFFIRM** Calzada's sentence.